UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CHIOFAR,<br><br>Petitioner,<br><br>v.<br><br>CAROL SCHAPIRA, *et al.*,<br><br>Respondents. | CASE NO. C07-244-JCC-MJB<br><br>REPORT & RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Michael Chiofar brings this action under 28 U.S.C. § 2254 to challenge his 2003 King County Superior Court conviction on a charge of intimidating a judge. Respondents have filed an answer to the petition in which they assert that this Court lacks jurisdiction over petitioner's federal habeas petition. Following a careful review of the briefs of the parties, and the balance of the record, this Court concludes that because petitioner is no longer in custody, petitioner's petition should be dismissed, with prejudice, for lack of subject matter jurisdiction.

PROCEDURAL HISTORY

On April 24, 2003, petitioner was found guilty, following a jury trial, on one count of intimidating a judge in violation of RCW 9A.72.160. (Dkt. No. 15, Ex. 1 at 1.) On May 9, 2003, petitioner was sentenced to a term of 90 days confinement, followed by 24 months of community confinement. (*Id.*, Ex. 1 at 4.) Petitioner was given credit for 159 days already served in custody and was released from confinement. (*Id.*) Petitioner completed his term of community custody in May 2005. (*Id.*, Ex. 2.)

Petitioner appealed his conviction to the Washington Court of Appeals. (*See id.*, Exs. 4, 5, 6 and 7.) The Court of Appeals affirmed petitioner's conviction on November 22, 2004. (*Id.*, Ex. 3.) Petitioner thereafter sought review by the Washington Supreme Court. (*Id.*, Ex. 8.) The Supreme Court denied review on July 12, 2005. (*Id.*, Ex. 9.) Petitioner thereafter filed a petition for a writ of certiorari in the United States Supreme Court. *See Chiofar v. Washington*, 546 U.S. 177 (2006). The Supreme Court denied the petition on February 21, 2006. *Id.*

While his direct appeal was pending, petitioner filed a personal restraint petition in the Washington Court of Appeals. (*Id.*, Ex. 12.) The Court of Appeals stayed petitioner's personal restraint petition pending final resolution of his direct appeal. (*Id.*, Exs. 13 and 14.) Petitioner sought reconsideration of the Court of Appeals' order staying his personal restraint petition. (*Id.*, Ex. 15.) The Washington Supreme Court treated petitioner's motion as one for discretionary review and submitted the matter to the Supreme Court Commissioner for consideration. (*Id.*, Ex. 16.) The Supreme Court denied review. (*Id.*, Exs.17, 18 and 19.)

After the United States Supreme Court denied petitioner's petition for writ of certiorari, the Washington Court of Appeals lifted the stay in petitioner's personal restraint proceedings and

dismissed the petition. (Dkt. No. 15, Ex. 20.) Petitioner filed a motion for discretionary review in the Washington Supreme Court, but that motion was denied by the Supreme Court Commissioner on May 26, 2006. (*Id.*, Exs. 21 and 22.) Petitioner's subsequent motion to modify the Commissioner's ruling was also denied. (*Id.*, Exs. 23 and 24.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on August 8, 2006.[1] (*Id.*, Ex. 25.) Petitioner now seeks federal habeas review of his conviction.

## GROUNDS FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

> Petitioner's conviction is contrary to the Constitution of the United States because it violates the First Amendment right to freedom of speech.

(*See* Dkt. No. 4 at 5.)

## DISCUSSION

Respondent asserts that this Court lacks subject matter jurisdiction over petitioner's federal habeas petition because petitioner is no longer "in custody" for purposes of federal habeas review. The record supports this assertion.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired conviction, while sufficient to

---

[1] Respondents indicate in their answer that petitioner at some point had another proceeding in the Washington Court of Appeals, but that they are unable to provide any information or documentation with respect to that proceeding because they have been unable to obtain the file from the state court.

preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990)(citing *Maleng v. Cook*, 490 U.S. at 492). *See also, Carafas v. LaVallee*, 391 U.S. 234 (1968).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993), citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). *See Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)(release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen County Probation Department*, 128 F.3d 152 (3rd Cir. 1997)(community service obligation rendered petitioner "in custody" for purposes of habeas statute). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally'" *Dow*, 995 F.2d at 923, quoting *Jones*, 371 U.S. at 240.

The record makes clear that petitioner has served his jail term and has completed his term of community custody. Petitioner identifies in his petition a number of "collateral disabilities" that arise from his conviction. Among the disabilities cited are that petitioner is ineligible to possess a firearm, to vote, or to sit on a jury, and that having a criminal record poses difficulties for petitioner in obtaining, and retaining, rental housing. None of these collateral consequences of petitioner's conviction are sufficient to render him "in custody" for purposes of federal habeas review.

Petitioner also appears to suggest that the provision contained in his judgment and sentence which prohibits him from going to the Regional Justice Center "without counsel or without prior permission on legal business" constitutes some form of custody. However, petitioner provides no

authority to support the proposition that such a restriction constitutes the type of significant restraint necessary to render him "in custody" for purposes of federal habeas review.

CONCLUSION

Petitioner fails to demonstrate that he is subject to any form of restraint sufficient to constitute custody for purposes of federal habeas review. Accordingly, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed, with prejudice, for lack of subject matter jurisdiction.[2] A proposed order accompanies this Report and Recommendation.

DATED this 13th day of August, 2007

MONICA J. BENTON
United States Magistrate Judge

[2] Petitioner presented his federal habeas petition to the Court as a "Petition for Writ of Habeas Corpus, or, in the Alternative, Petition for a Writ of Coram Nobis." (*See* Dkt. No. 4.) This Court has concluded that it lacks jurisdiction to consider petitioner's petition for writ of habeas corpus because petitioner is not "in custody." The Court notes that it also lacks jurisdiction to consider any petition for writ of error coram nobis because such a writ is not available in federal court to attack the judgment of a state court. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2nd Cir. 2006) (citing cases). *See also*, *United States v. Tucor International, Inc.*, 35 F.Supp.2d 1172 (N.D. Cal. 1998).